# NO. 12-11-00003-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator filed a petition for writ of mandamus asserting that the trial court violated his due process rights by failing to conduct a "fast and speedy" resentencing hearing and by failing to give proper notice of the scheduled January 25, 2011 resentencing hearing. We deny the petition.

We have addressed Relator's speedy trial argument in a previous original proceeding. There, we held that mandamus is unavailable to test any asserted denial of Relator's right to a speedy trial, both on a statutory and constitutional basis. *See generally **In re Kennedy***, No. 12-10-00445-CR, 2011 WL 193479 (Tex. App.–Tyler Jan. 19, 2011, orig. proceeding) (mem. op., not designated for publication). We need not revisit that issue here.

Moreover, Relator's mandamus petition is deficient. Texas Rule of Appellate Procedure 52 prescribes the form and content of a petition in an original proceeding. More specifically, rule 52 requires that an appendix and a record be filed with the petition. TEX. R. APP. P. 52.3(k), 52.7(a). The contents of each are prescribed by the rule. *See* TEX. R. APP. P. 52.3(k)(1), 52.7(a)(1). The petition must also include other information, such as (1) a concise statement of pertinent facts with citations to competent evidence included in the appendix or record and (2) a certification that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. 52.3. Relator's petition does not comply with these requirements. *See **In re Cerf***, No. 07-10-00516-CV, 2011 WL 31371, at *2 (Tex.

App.–Amarillo Jan. 6, 2011, orig. proceeding)(denying mandamus for failure to comply with rule 52.3); *In re Cuong Anh Van Nguyen*, No. 01-10-00998-CR, 2010 WL 5060627, at *1 (Tex. App.–Houston [1st Dist.] Dec. 6, 2010, orig. proceeding)(denying mandamus for failure to comply with appellate rule 9.5 and 52.7).

Finally, Relator has not filed the required number of copies of his petition. *See* TEX. R. APP. P. 9.3(a). Relator was notified of this deficiency and responded that he is indigent and therefore lacks sufficient resources to furnish the required number of copies. We are aware that indigent supplies are available at Relator's unit in sufficient quantity for him to furnish the number of copies required by the appellate rules. The volume of motions and other documents Relator has filed in this court demonstrate his access to those supplies. Consequently, we decline to suspend the rule pertaining to the number of copies to be filed in courts of appeal. *See* TEX. R. APP. P. 9.3; *see also* TEX. R. APP. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure . . . .").

For the foregoing reasons, Relator's petition for writ of mandamus is ***denied***. All pending motions are overruled as moot.

Opinion delivered January 26, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2